# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

CORNELL HENLEY, JR.,

    Plaintiff,

    v.

RON GAYDOS, *et al.*,

    Defendants.

CAUSE NO.: 2:17-CV-307-RL-APR

## OPINION AND ORDER

Cornell Henley, Jr., a prisoner without a lawyer, filed an amended complaint (ECF 8) alleging that he was subjected to inhumane conditions while housed at the Porter County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

According to Henley, he was incarcerated in the Porter County Jail for periods of time in 2003, 2009, 2012, 2013, and 2015. While incarcerated there, he "was forced to breathe in raw sewage gas (methane) that came though [his] cell and dayroom air vents everyday." (ECF 8 at 3.) He complained to each of the defendants about this problem, but nothing was done to correct it. As a result, Henley suffers from headaches, lung problems, stomach problems, and emotional problems. He sues Commander Ron Gaydos, Lt. Ryan Taylor, Sgt. Jeremy Juliano, and Warden John Widup for money damages.

In reviewing Henley's earlier complaint, this Court noted that "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Henley's first complaint was mailed on July 3, 2017, so claims arising prior to July 3, 2015, are barred by the applicable statute of limitations. The Court previously explained to Henley that it was unclear from his complaint what happened before and what happened after July 3, 2015, what injuries he suffered during the many years of exposure before July 3, 2015, what medical treatment he sought or obtained during the many years before July 3, 2015, what exposure occurred after July 3, 2015, or how that exposure made his injury worse. Henley's amended complaint does little to

2

address the concerns raised by this Court. Nonetheless, to the extent his complaint is based on the conditions at the jail after July 3, 2015, his allegations are troubling and require further consideration.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and

3

decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

To the extent Henley was a pretrial detainee after July 3, 2015 (he does not specify his status, despite this Court's request that he do so), the Fourteenth Amendment rather than the Eighth Amendment applies. *Kingsley v. Hendrickson*, 576 U.S. \_\_, \_\_; 135 S.Ct. 2466, 2473 (2015). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). While the tests differ, both the Eighth Amendment and the Fourteenth Amendment require allegations of conditions "objectively serious enough to amount to a constitutional deprivation" and a "sufficiently culpable state of mind" on the part of the defendant. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

Here, Henley alleges that during his time at the jail, he was subjected to raw sewage gas on a daily basis, resulting in both physical and emotional injuries, satisfying the objective

4

prong of the inquiry. With respect to the subjective prong, he alleges that he complained to each of the defendants about these issues, but they did nothing to remedy the situation. This constitutes deliberate indifference. Ultimately, giving him the inferences to which he is entitled, he has stated enough to proceed on a claim against these defendants.

For these reasons, the Court:

(1) **GRANTS** Cornell Henley, Jr. leave to proceed on a claim against Ron Gaydos, Ryan Taylor, Jeremy Juliano, and John Widup in their individual capacities for compensatory damages for subjecting Henley to raw sewage gas while housed at the Porter County Jail between July 3, 2015, and December 31, 2015, in violation of the Eighth and Fourteenth Amendments;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Ron Gaydos, Ryan Taylor, Jeremy Juliano, and John Widup at the Porter County Sheriff's Department with a copy of this order and the amended complaint (ECF 8) as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Ron Gaydos, Ryan Taylor, Jeremy Juliano, and John Widup respond, as provided for in the Federal Rules of Civil Procedure and N.D.

Ind. L.R. 10.1, only to the claim for which Cornell Henley, Jr. has been granted leave to proceed in this screening order.

**DATED: April 17, 2018**                    /s/ RUDY LOZANO, Judge
                                             **United States District Court**