UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CORNELL HENLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> RON GAYDOS, et al., <br><br> Defendants. | CAUSE NO.: 2:17-CV-307-TLS-APR |

**OPINION AND ORDER**

Cornell Henley, Jr., a prisoner without a lawyer, filed two documents titled "Amending Pleadings"[1] [ECF Nos. 35, 37] which appear to be an attempt to supplement his amended complaint [ECF No. 8]. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) (construing a pro se plaintiff's amended complaint liberally as an attempt to add parties and incorporate by implicit reference the prior complaint's allegations rather than characterizing it as a superseding complaint). Defendants have filed an objection [ECF No. 38] urging the Court to strike Henley's supplement. Defendants note that the deadline to amend the pleadings in this case was October 1, 2018, but the first of the two documents was not received until well after that date. However, because Henley is a prisoner, he is entitled to the benefit of the mailbox rule which allows incarcerated litigants to have their papers "filed" on the day they are deposited in the institution's internal mail system. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). Henley's supplement has a certificate of service showing that it was mailed on September 20, 2018.

---

[1] Henley sent a second copy of his document because the Clerk's Office did not receive the first document in a timely manner. He included a copy of an explanatory letter and his amended complaint [ECF No. 8] with the second document, but they are otherwise identical.

Accordingly, it will be treated as a timely request to supplement and will not be stricken as untimely.

Henley previously alleged that he was incarcerated in the Porter County Jail for periods of time in 2003, 2009, 2012, 2013, and 2015. While incarcerated there, he "was forced to breathe in raw sewage gas (methane) that came though [his] cell and dayroom air vents everyday." [ECF No. 8 at 3.] He complained to each of the defendants about this problem, but nothing was done to correct it. As a result, Henley suffers from headaches, lung problems, stomach problems, and emotional problems. He sued Commander Ron Gaydos, Lt. Ryan Taylor, Sgt. Jeremy Juliano, and Warden John Widup for monetary damages. For reasons explained in this Court's earlier order [ECF No. 14] Henley was permitted to proceed on a claim against Ron Gaydos, Ryan Taylor, Jeremy Juliano, and John Widup in their individual capacities for compensatory damages for being subjected to raw sewage gas while housed at the Porter County Jail between July 3, 2015, and December 31, 2015, in violation of the Eighth and Fourteenth Amendments.

Henley's new complaint seeks to add two additional defendants: Mike Lukas and Jim Biggs. Notably, Henley's claims are subject to a two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The supplement indicates that Henley was at the Porter County Jail until April 2016, but Henley did not sign the supplement until more than two years later on September 20, 2018. Therefore, supplementing the complaint to add Lukas or Biggs would be futile unless the allegations against them would relate back to the original complaint.

Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer*, 201

F.3d 910, 914 (7th Cir. 2000). Henley has not alleged that such a mistake occurred here. Because Henley did not assert his claims against Lukas or Biggs in a timely manner and because the relation-back doctrine does not apply to these claims, supplementing the complaint to include them would be futile.[2]

Additionally, while Henley's amended complaint did not specify whether he was suing the defendants in their individual or official capacity, his supplement has named the defendants in both their individual and official capacities. But permitting Henley to sue the defendants in their official capacity in addition to their individual capacity serves no purpose here. He cannot obtain injunctive relief because he is no longer housed at the Porter County Jail. And, he cannot sue the defendants in their official capacity for monetary damages because "a suit against a[n] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Because the State is immune from suit pursuant to the Eleventh Amendment,[3] Henley cannot sue the defendants in their official capacity.

Finally, Henley's supplement makes it clear that he remained at the Porter County Jail until April of 2016. Accordingly, he will be permitted to pursue damages on his claim through April of 2016, rather than December 31, 2015.

---

[2] Defendants have outlined additional reasons why naming Jim Biggs and Mike Lukas would be futile. Having already determined that adding these defendants would be futile, the Defendants' arguments will not be addressed here.

[3] There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the State's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecomm. Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply.

For these reasons, the Court:

(1) GRANTS Cornell Henley, Jr. leave to supplement his amended complaint [ECF Nos. 35, 37];

(2) GRANTS Cornell Henley, Jr. leave to proceed on a claim against Ron Gaydos, Ryan Taylor, Jeremy Juliano, and John Widup in their individual capacities for compensatory damages for being subjected to raw sewage gas while housed at the Porter County Jail between July 3, 2015, and April of 2016, in violation of the Eighth and Fourteenth Amendments;

(3) DISMISSES all other claims;

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ron Gaydos, Ryan Taylor, Jeremy Juliano, and John Widup respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Cornell Henley, Jr. has been granted leave to proceed in this screening order.

SO ORDERED on December 3, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT